Now, this case is also quite procedurally confused, so counsel, you're a counsel in one of the cases, not the other, the other one's uncounseled, but any light you could throw on what we should be doing procedurally with the two of them would be helpful. Yes, thank you, Your Honor. Steven Lubliner on behalf of Ivan von Steich. First of all, I'd like to apologize to the Court for being late today. Clearly, I need to refine my estimates of what constitutes an early departure from Petaluma. In my case, what the Court should do is reverse the order of holding the claim on exhaustion and remand the case to the district court. The district court can then reconsider the case on the merits or any kind of race judicata or mutinous defense. But what purpose is there, given the existence of the second case? What reason would there be to do that? Given the existence of the second case, which essentially gives you what you want in the first case, which is recharacterizing the case as a relooping case, why do we need the first case? Well, I think Mr. von Steich, who's counsel for himself in the second case and is the plaintiff in this case and the Petitioner, excuse me, the Petitioner, is in the best position in the district court to argue whether or not he got everything in the other case that he's asking for in this case. Now, I refuse to disagree. Is there any difference between the two that you're aware of? It is part of the question. That's a discrete question from whether the second case is moot or isn't moot. But is there anything that is in the first case that isn't in the second case that would influence the mootness issue or anything else? Well, my answer to that is I'm not sure. I took a look at some of the pleadings that are before this Court in the other case. Again, I emphasize I'm not counsel in that case. One thing I was looking for that, unless I missed, I didn't see, is a copy of the actual hearing and disposition in the prison or before the CDC that supposedly restored, that supposedly gave Mr. von Steich everything that he wants in terms of restoration of credits and indulgence of his hair length under the regulation. As I saw it, that document had been attached to a declaration that the Attorney General in that case had submitted in opposition to his motion for a preliminary injunction, and that was not in the excerpts of record in the other case. So I don't really know what it says. I know what the district court said, but I certainly was curious to look at that document and see if it went as far as the district court said it did. So what you're saying is that goes to whether, in fact, he's gotten complete relief in the other case, and it may be that he hasn't. But that still turns everything over to the second case. It just seems very, you know, there just doesn't seem to be any purpose to recharacterizing the first case as a RLUIPA case. We've already got a RLUIPA case. Well, he may already have a RLUIPA case, and he may already have gotten everything that he's asked for. What I'm saying is it's separate from the question of whether he's gotten everything. If he hasn't gotten everything, he can get it in the second case. There's no reason the first case is better in that regard. Well, it's two separate questions in terms of whether the case, whether this case that I'm counsel on should be analyzed independently as a question of law as a RLUIPA case to avoid to convert the action and avoid the exhaustion bar. If there's no dispute that the exhaustion doesn't apply to the RLUIPA case that's properly exhausted, that's a separate question. And I think the answer, which, from what I get, is basically yes, that there is no offense to federalism or comity or any principle of law to say, yeah, this is what he really pleaded, and he properly exhausted that. The question, as I understand it, from the case of RLUIPA. It's really a different version of a mootness question. I mean, if what you're trying to do is convert case A into case B, and we already have case B, then why isn't that question moot in case A? Well, my answer is that it might be moot. I'm not sure that, for what's before this Court, in the two cases, the other case, Mr. von Steich, is prosaic in this case, that it's the Court can satisfactorily answer that question, particularly without Mr. von Steich's input in both cases and whatever fact-finding might be necessary at the district court level. It may be that this case goes back to the district court. They set briefing, they file an amended answer or a motion to dismiss on res judicata or mootness, however they want to characterize it. Mr. von Steich makes whatever showing he wants to make, and maybe they win. Maybe the case goes forward. But I just don't think that the – based on what we have right now, that the Court is in a position to say that if the case goes back, it's totally moot and barred by res judicata. What's the beard issue specifically raised in the habeas case? Excuse me? What's the beard issue as opposed to the hair issue specifically raised in the habeas case? I think if you look at all the documents, beard length is probably mentioned at some points. I'm not sure if it's mentioned exactly in the petition. I know that that's an issue in the other case. Well, the issue in the other case is whether the beard issue is in the case. So I'm wondering if it's in this case. What are we talking about in this case? We're talking about – well, we were talking about hair length and denial of credits that impacted his parole eligibility. Is there an ADA issue in the habeas case? In my case, no. And there's, you know, obviously no claim for damages as there is in the 1983 case. To get to the merits of your conversion point, do you have case law support for the notion? I mean, offhand, I don't know why habeas is special and why one couldn't look at the substance rather than the form of the petition. But there seems to be a tendency not to do that with habeas cases. And I'm wondering if you have any case law in which something like this is done. Well, the cases that I cite, none of them involve conversion to a, you know, part of a LUPA action, and they do urge caution, especially going the other way, when you want to – when the Court is considering converting to a habeas case out of concern that, well, that would be the inmate's only bite at the apple on habeas, and anything that he might want to do afterwards would be a – would run into the successive petition problem. In terms of whether it's all right to do it with an eye to the exhaustion argument, I think exhaustion is kind of a unique question of law, because it's one that's imposed on the Court sua sponte. The Attorney General doesn't even have to raise exhaustion before the Court to serve the principles of comity and federalism. It has to consider whether the petition is properly exhausted or not. So for the – when it's standing – when the issue is before the Court, I see nothing – no problem with saying that the district court should, and if the district court doesn't, the reviewing court should look at the pleadings and say, is this a case that, for purposes of comity and federalism, had to go through State court review and be properly exhausted in that way, or is there some other cause of action which is being alleged here, which there clearly is in the petition, that either is not subject to an exhaustion requirement or a different one which, under the PLRA, would just be exhausting administrative remedies, which Mr. von Scheich clearly did. But if there was a conversion to RLUIPA, there's been no Heck v. Humphrey problem raised in a RLUIPA case, and it seems to me to be waived. But if you – if this case were converted to a RLUIPA case, why wouldn't we get into a Heck v. Humphrey problem? Well, how – Mr. von Scheich is not challenging his federal action. Isn't he challenging the denial of good time credits? Right. Isn't that a Heck v. Humphrey issue ordinarily? Well, Heck v. Humphrey involves, I believe, a 1983 action for damages based on a constitutional condition. And so the question is, does it apply to RLUIPA or doesn't it apply to RLUIPA? There's some case law that it doesn't, and perhaps it doesn't, but that would be the issue, right? I don't – I don't think there's a Heck v. Humphrey problem. It's an independent cause of action. And the case that we cite makes it clear that in a RLUIPA action, the Mayweather's case, that the Court is entitled to remedy that by restoring credits, even though typically restoration of credits or denial of good time credits is an action that is, at least before RLUIPA was enacted, was typically brought in habeas. But where you have a specific cause of action alleging violation of religious freedoms that resulted in a loss of credit, the Court has the – has a coextensive and perhaps even a greater obligation or power to remedy that. So it's not like we're asking to do something in another forum, jumping the gun, that should have been done somewhere else. It's not like Heck v. Humphrey, where we're saying, give me damages for my unconstitutional conviction, where the conviction was never overturned in the first place. Okay. If you want to reserve some time. Thank you, Your Honor. Good morning, Your Honors. Robert Cross, Deputy Attorney General. Is there anything in this case that's not in the other case in terms of which would affect us, for example, the mootness issue in the other case or whether the beard issue was in the other case, et cetera, without arguing the other case? Mr. Von Steich, as I understand it, he's very litigious, has a number of cases. Well, the one that is on the calendar of today. That was pretty obvious, but I'm sorry. That case was not assigned to me, and I have to confess that I'm not aware of the particulars of that case. Really? Yes, Your Honor. That makes no sense at all. I wasn't aware of the case until I saw a motion to do that. That is extraordinary. Mr. Von Steich has a large number of cases. But that's not the point. These are exactly the same thing, and they were consolidated for argument in this court. I don't believe they were. Were they consolidated? They were set on the same day in the same place, let's put it that way. Yes, Your Honor. All I can say is it was assigned to a different deputy. I did call that deputy, and so all I know is from what I've spoken to that person, I don't have any firsthand knowledge of that case. But I'm certainly prepared to talk about the case that is before the Court here, and that is the habeas case which Mr. Von Steich filed. And I would submit that the important things about that case are that everyone agrees it was filed as a habeas action.  I don't see any way to discuss it sensibly without the other case, because the other the point is that what he's asking for is to convert this case into a Rallupa case, and there is a Rallupa case on exactly on what appears to be exactly the same thing. So there's no way to make a determination to me as to whether the proposition makes any sense without understanding whether the two cases cover the same ground. Well, I would submit this, Your Honor, that as far as converting it, this is this was not done at the trial court. Had this been a motion in the district court that Mr. Von Steich had asked to convert this to an Rallupa case, then certainly things would have happened differently. The first that I heard of this contention was in the brief, and that's one of my main points, is this was not brought in the court below. There was no application made to the district court to convert this to an Rallupa case. This was brought as a habeas case. Everyone agrees that he did not exhaust in the state court and that the matter was properly dismissed as a habeas case. The whole concept of the case. So we could simply, I mean, so we could simply remand because on a dismissal of any kind, including a habeas, there is supposed to be leave to amend, so we could simply remand for a changing it to a dismissal without prejudice and give leave to amend to add a Rallupa claim, unless there's some reason why we can't do that. So it's not a case that should be submitted as an Rallupa case. But that's not the point. We have a more general principle that one doesn't grant dismissals with prejudice without giving leave to amend.  Maybe he'll have a Rallupa case, maybe he won't, but why don't we just do that? That's true, Your Honor, but there is an Rallupa case pending, as I submitted to the court. That's why I asked the question of whether it's the same case and you don't know. I don't even know if that's the same case that was set on today's calendar, the case that I attached in my brief. I simply had the judge's opinion that, you know, considering the Rallupa case. And my point is that what is the point of converting my case into an Rallupa case when he already had an Rallupa case? Because it depends whether they cover the same ground, and that's what I was trying to find out.  From my reading of the case, it appears to involve similar issues. Yes, of course that's the same case. All right. But it's the same district judge. Yes. It's the same district judge, and that may have been why the district judge did not I would think that the Department of the Attorney General's office could get this act together and, you know, get one person looking at this whole situation and let us know what makes sense. And that's what I expected to happen today, by the way. I just didn't It's just extraordinary to me that we don't have that. I believe, Your Honor, that the case was set for hearing this morning and a deputy was assigned, and I believe that that case, the deputy was told that that case was taken off calendar. That's right. It was taken off calendar, but it was taken off calendar because we had a pro se Petitioner and because I assumed I was at least going to find out how the two cases fit together by arguing this case, because that's a big question. How do they fit together? Well, I apologize, Your Honor. The deputy that was assigned to that case was going to be here, and when was told that an oral argument was being taken off, obviously he's not here. All right. Well, there's no conceptual reason. At points in your brief, you argue, aside from this sort of waiver-based point, that there's some procedural reason or that you couldn't simply convert a habeas case into a reluctant case. Why not? Well, it could be done, Your Honor. Putting it back to amend would make sense, but as I read the brief, counsel is asking the Court to convert it into an r-lupa case, in a sense, in essence, to redraft the pleading, to take a case that clearly is a habeas case and properly file it as a habeas case. It's certainly a very proper habeas corpus application, but for the fact that Mr. Gonstein did not exhaust the State court remedies. But there's nothing about a habeas case that makes it inherently, you know, static, so to speak. I mean, ordinarily, parties can change their legal theories. That's true, Your Honor. And that's equally true, I would presume, in a habeas case. I'm not saying that the Court would not, if Mr. von Steich had applied for this, could not have given him that relief. If Mr. von Steich had said, I would like to amend and file this as an r-lupa case, the Court could have seen what Mr. von Steich had to say on that point, and depending on what Mr. von Steich said, could have granted that relief. That did not take place because it was not brought to the – it was not asked of the trial court to do that. Instead, what Mr. von Steich chose to do is to appeal the dismissal of his habeas action. Which was with prejudice, yes? That, I cannot answer, Your Honor. It was dismissed. Okay. Thanks. Normally, my understanding, and I would research it if the Court wishes, but my understanding is that a case that is dismissed for failure to exhaust is dismissed without prejudice. Okay. Thank you. Thank you, Your Honor. Very briefly. So what – would that be – if we thought this was otherwise merited, could we just amend with – for relief to give an opportunity to amend the complaint? I believe that would be one available remedy. I think since, on the other hand, since Mr. von Steich's intent on the face of the habeas petition is to allege a r-lupa action, this Court could also just simply order it remanded to proceed. Well, that's not so obvious. I mean, you might – I think you'd have a different – you might have different parties, for one thing. And I don't know how that would spin out with the statute of limitations problems, but you might have different parties. You did in the other case have different parties. And you might have somewhat different allegations. That's possible. Yes, Your Honor, that's possible. I didn't want to – I wasn't clear if the Court has settled its questions. The other case that Mr. von Steich is representing himself on is the matter that was set for argument. This morning, the order in this case, Mr. Cross made some remark about perhaps the Court didn't convert the action to an r-lupa case because he'd already had one. The order in this case came first. The other case, I believe, was a 2006 decision. How many cases in all does he have floating around? Now, you've mentioned one other. Is there more than that? I don't know of any others on this particular issue. Counsel is not incorrect that he has filed various cases on various subjects, but I'm not sure that they're kind of the same. It's a revolutionary idea, but maybe the thing to do is send it back and order that he present all of his claims at one time and get them all ruled and come back on one appeal and in one big basket and we'll just deal with it all. Possibly. Possibly. I may not get another vote for that. But basically, on the grooming issue, there are two cases, as far as we know. There are, as far as I know, only two issues or two cases. The Court asked if there was a beard claim, and, Mr. In the current case that I'm on, I took a look at the petition. That's the only thing I just reviewed while I was sitting there. The petition refers to grooming standards, so I'm not. Right. As does the other case. But when it gets specific, he's talking about hair for the most part. So I'm not going to go into the details of that particular case. Okay, counsel. Thank you very much. Thank you, Your Honor.
judges: Gibson, Tashima, Berzon